UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOMINICK WILLIAMS,

                                                **MEMORANDUM & ORDER**

               Plaintiff,                     **05-CV-5596 (NGG) (LB)**

    -against-

POLICE OFFICERS EDWARD DEIGHAN,
MICHAEL MANZOLILLO, WERNER
HELLMAN, and RICHARD PIGNATELLI,

               Defendants.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On August 15, 2008, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted. (Docket Entry # 51.) Plaintiff's complaint, brought under 42 U.S.C. § 1983, alleged false arrest and excessive force by Defendants, four police officers. (See Docket Entry #2.) Magistrate Judge Bloom found that Plaintiff's false arrest claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff's criminal conviction has not been invalidated. (See R&R 7-8.) Judge Bloom noted that even if Plaintiff's conviction had been overturned, Defendants had probable cause to arrest Plaintiff, an absolute defense to a false arrest claim. (See id. at 8.) On the excessive force claim, Judge Bloom found that Defendant Deighan did not use unreasonable force under the circumstances presented, and that Plaintiff did not allege that any other Defendant used excessive force. (See id. at 10-12.)

1

The R&R stated that "the parties shall have ten (10) days from service of this Report to file written objections" and that "[a]ny request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review." (Id. at 13.)

On August 28, 2008, Plaintiff filed a request for an extension of time to file objections because he was waiting to "hear from the CCRB [Civilian Complaint Review Board]" regarding the investigation of the police. (Docket Entry #52.) Because Plaintiff attached a letter which states that the CCRB will not reopen its investigation of his complaint, Judge Bloom denied Plaintiff's request on September 22, 2008. (Docket Entry #53 (Order endorsed on Docket Entry #52).) Since then, Plaintiff has not filed any objections, and given that more than ten days have elapsed since Judge Bloom's denial of Plaintiff's request, I find that no timely objection has been made to the R&R.

In reviewing an R&R, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In order to accept a magistrate judge's R&R where, as here, no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001); see also Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (noting that a district court may accept an R&R if it is "not facially erroneous"). Having reviewed the R&R, the court is satisfied that there is no clear error on the face of the record. The R&R is thorough and well researched, and its conclusions are well-supported by the facts in the record and the applicable case law. Therefore, this court adopts Magistrate Judge Bloom's R&R and notes that, by their failure to object, the parties have waived further judicial review of this Order. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
October 3, 2008

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

3